[No. 5406–3–III.   Division Three.   March 6, 1984.]

SAM REDDING, JR., ET AL, *Respondents*, v. THOMAS
W. ROWE, ET AL, *Appellants*.

*Larry W. Larson* and *Ries & Kenison,* for appellants.

*Nels A. Hansen, Dennis W. Norby,* and *Collins & Hansen,* for respondents.

THOMPSON, J.—Creditors brought suit on a promissory note because the debtors disposed of collateral in violation of a security agreement.

■ The parties stipulated to the facts. In October 1979, Mr. and Mrs. Sam Redding (Reddings) sold to Mr. and Mrs. Thomas Rowe and Mr. and Mrs. N. Ray Rowe (Rowes) farm units 77, 99, and 100, block 86, Columbia Basin Irrigation Project. At the same time Reddings sold to the Rowes 46 pieces of used farm equipment. The Rowes signed a promissory note and granted the Reddings a security interest in the used equipment. On two occasions, the Rowes disposed of equipment subject to the security agreement. In August 1980, they traded a malfunctioning baler in on a new one. In June 1981, they traded an inoperable swather in on a new one. Reddings filed suit, alleging the transfer of the equipment was a default. The trial court agreed and granted the Reddings judgment for the balance due on the note. The Rowes appeal, contending the transfer was not a default or, in the alternative, if it was a default, the Reddings were not entitled to acceleration or attorney's fees. It is clear under RCW 62A.9–311[1] a transfer cannot be prohibited. But a creditor may attempt to make a transfer of the collateral a default by including an appropriate paragraph in the note or security agreement. Washington has not decided whether such a default clause is effective in view of RCW 62A.9–311. But courts in other jurisdictions

---

[1]RCW 62A.9–311:

"The debtor's rights in collateral may be voluntarily or involuntarily transferred (by way of sale, creation of a security interest, attachment, levy, garnishment or other judicial process) notwithstanding a provision in the security agreement prohibiting any transfer or making the transfer constitute a default."

ruling on the same issue have held that the transfer of collateral may be a default if the security agreement so provides. *Sturdevant v. First Sec. Bank,* 186 Mont. 91, 606 P.2d 525 (1980); *Poydan, Inc. v. Agia Kiriaki, Inc.,* 130 N.J. Super. 141, 325 A.2d 838 (1974); *Production Credit Ass'n v. Nowatzski,* 90 Wis. 2d 344, 280 N.W.2d 118 (1979); *Production Credit Ass'n v. Equity Coop Livestock Sales Ass'n,* 82 Wis. 2d 5, 261 N.W.2d 127 (1978). The commentators agree. *See, e.g.,* 4 R. Anderson, *Uniform Commercial Code* § 9–311:3, Note 14 at 350 (2d ed. 1971); 69 Am. Jur. 2d *Secured Transactions* § 211, at 33–34 (1973); and R. Henson, *Secured Transactions* § 5–14, at 173; § 10–2, at 351 (1979). We agree with these cases and commentators; a transfer of collateral in violation of the security agreement may be a default.

Accepting this construction of RCW 62A.9–311, the Rowes argue the security agreement must specifically provide the transfer of collateral is a default. They point out neither the security agreement and note nor the U.C.C. define default. "An event of default is, within reason, what the parties have agreed in their contract that it would be and not what a court, exercising its own judgment, thinks it ought to be." *Foster v. Knutson,* 84 Wn.2d 538, 545, 527 P.2d 1108 (1974). Here, the security agreement provides in part:

> DEBTORS shall not remove the said collateral from Grant County, Washington, and *shall not in any way dispose of same, without the written consent of the Secured Parties,* and DEBTORS shall at all times maintain said farm equipment in good condition and shall not injure or destroy said collateral and shall not use or permit the use of the collateral in an unlawful or improper manner.
>
> . . .
>
> In the event of a default of this Security Agreement or a default of the aforesaid Promissory Note, the SECURED PARTIES shall have all remedies and rights provided by law.

(Italics ours.)

The only reasonable construction that can be given "shall not in any way dispose of same, without the written consent of the SECURED PARTIES . . ." is that the parties agreed disposal of collateral without written consent would be a default. The Rowes disposed of collateral in violation of this specific prohibition. Thus, they defaulted.

■ Next, we must decide if acceleration was the proper remedy. Looking first to the security agreement, it provides: "In the event of a default of this Security Agreement or a default of the aforesaid Promissory Note, the SECURED PARTIES shall have all remedies and rights provided by law." Former RCW 62A.9–501(1) (Laws of 1965, ch. 157, § 9–501, p. 2582, effective until midnight June 30, 1982) provided: "When a debtor is in default under a security agreement, a secured party has the rights and remedies provided in this Part and except as limited by subsection (3) those provided in the security agreement." Acceleration is not one of "the rights and remedies provided in this Part". *See Service Chevrolet, Inc. v. Sparks,* 99 Wn.2d 199, 202, 660 P.2d 760 (1983) (list of rights provided by the U.C.C.). Nothing in this security agreement entitled the Reddings to acceleration.

Nor do the provisions in the promissory note provide for acceleration upon the transfer of collateral. The two acceleration clauses in the promissory note are contained in the following paragraphs:

If any of the installments of principal and interest are not paid when due, the whole sum of principal and accrued interest shall become due and payable at once without further notice, at the option of the holder hereof.

If the makers of this note or their successors in interest default in the purchase of Farm Units 77, 99, and 100, of Irrigation Block 86, Grant County, Washington, the principal and accrued interest shall become due and payable at once without further notice at the option of the holder hereof.

Neither of the events described as defaults that would precipitate acceleration occurred. The Rowes did not fail to meet the principal and interest installments as due, nor did

they default in the purchase of the farm units. The Reddings did not contract for acceleration upon the transfer of collateral. Thus, they are not entitled to that remedy. "Neither this court nor a trial court may make a new contract for the parties." *Foster v. Knutson, supra* at 545. The trial court erred in granting acceleration.

■ The trial court also awarded attorney's fees under RCW 62A.9–504 and the promissory note. RCW 62A.9–504(1)(a) provides in part:

> The proceeds of disposition shall be applied in the order following to
> (a) the reasonable expenses of retaking, holding, preparing for sale or lease, selling, leasing and the like and, to the extent provided for in the agreement and not prohibited by law, the reasonable attorneys' fees and legal expenses incurred by the secured party;

This section applies to the use of proceeds after a disposition of collateral by the creditor. Since there was no disposition, the section does not apply. But even if it did, it does not provide an independent basis for attorney's fees; any award of attorney's fees must be based on the parties' agreement. The parties' agreement stated:

> If a suit shall be brought to collect any of the principal and or interest of this note, I promise to pay and be responsible for a reasonable attorney fee.

A strict construction of this paragraph would indicate the Reddings are entitled to their attorney's fees since they did in fact bring suit to collect principal and interest. However, as noted in this opinion, the Rowes complied with the terms of the promissory note. Therefore, the Reddings are not entitled to seek attorney's fees under the provisions of a note not in default. The Reddings are entitled to relief for the unauthorized transfer of collateral. But since acceleration of the promissory note cannot be allowed under the terms of the parties' agreement, the Reddings are not entitled to attorney's fees.

The judgment of the trial court is reversed.

MUNSON, C.J., and McINTURFF, J., concur.